UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-00126-TBR

TRAVELERS INDEMNITY COMPANY OF AMERICA, *et al.*   Plaintiffs

v.

WATERS TRUCK & TRACTOR CO., INC.   Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Third-party Defendant Navistar Inc.'s Motion to Dismiss. (Docket No. 40.) Defendant/Third-party Plaintiff Waters Truck & Tractor Co., Inc., has not responded in opposition, and the time to do so now has passed. Accordingly, this matter is now ripe for adjudication.

BACKGROUND

This action arises out of a tractor fire that occurred on September 11, 2010. Plaintiffs Travelers Indemnity Company of America and Travelers Property & Casualty Company of America (Travelers) filed their Complaint against Defendant/Third-party Plaintiff Waters Truck & Tractor Co., Inc. (Waters), on July 20, 2012. (Docket No. 1.) Travelers did not file suit against Third-party Defendant Navistar, Inc. (Navistar). Then, on July 17, 2013, Waters filed its Third-party Complaint against Navistar, seeking indemnity and contribution, as well as to have fault apportioned against Navistar. (Docket No. 30, at 4.) Waters claims that if the subject fire originated as alleged by Plaintiffs, "the fire was caused or brought about by [Navistar's] negligent design and/or engineering of the recall kit that it provided to Waters, which negligence

caused and/or contributed to the damages alleged in [Traveler's] complaint." (Docket No. 30, at 3-4.) Navistar now moves to dismiss Waters' claim for contribution,[1] arguing that "(1) a claim for contribution no longer exists under Kentucky law and (2) even if it did, Waters has no such claim because Navistar cannot be directly liable to Plaintiff." (Docket No. 40, at 2.)

STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

---

[1] Navistar's instant Motion addresses itself only to Waters' claim for contribution. (*See* Docket No. 40, at 1 n.1.) Accordingly, the Court makes no ruling at this time relative to Water's indemnity claim.

550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

DISCUSSION

A defendant, as a third-party plaintiff, may bring into a case a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Historically, the right to contribution arose when two or more joint tortfeasors awere guilty of concurrent negligence of substantially the same character which converged to cause the plaintiff's damages. In that scenario, the tortfeasors are said to be "in pari delicto." *Lexington Country Club v. Stevenson*, 390 S.W.2d 137, 143 (Ky. 1965). The common law rule was that each joint tortfeasor was entirely responsible for the plaintiff's single indivisible injury "because it was thought that the injury could not be divided into parts to determine the responsibility of each negligent actor." *Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 27 (Ky. 1990). However, under

Kentucky law, liability among joint tortfeasors no longer is joint and several, but now is several only. *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 779 (Ky. 2000) (referencing *Dix*, 799 S.W.2d at 27). As a result, one tortfeasor will not be required to pay more than its share of apportioned damages. *Javins v. Five Star Freight Co.*, 2009 WL 465043, at *3 (W.D. Ky. Feb. 24, 2009). It follows that "the apportionment of causation and the requirement of several liability obviates any claim for contribution among joint tortfeasors whose respective liabilities are determined in the original action." *Degener*, 27 S.W.3d at 779. Therefore, the Court finds that Waters cannot be entitled to contribution from Navistar because Waters' tort liability is limited to the damages found to be caused by Waters. *See Javins*, 2009 WL 465043, at *3 (citing *Kevin Tucker & Assoc., Inc. v. Scott & Ritter, Inc.*, 842 S.W.2d 873, 874 (Ky. Ct. App. 1992)). A proper apportionment instruction will be given at trial is applicable.

Because Navistar's argument relative to Waters' contribution claim is dispositive, the Court need not address Navistar's alternative argument for dismissal.

CONCLUSION

Accordingly, having considered Navistar's Motion to Dismiss and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Third-party Defendant Navistar, Inc.'s Motion to Dismiss, (Docket No. 40), is GRANTED. Defendant Waters Truck & Tractor Co., Inc.'s contribution claim is hereby DISMISSED.

Date:

cc: Counsel